## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO
## CIVIL ACTION NO. 4:05CV-P6-M

**EDWARD MCKINLEY**                                                                                **PLAINTIFF**

**v.**

**CAPTAIN NANCY ANKROM**                                                  **DEFENDANT**

### MEMORANDUM OPINION

The plaintiff, who is proceeding without the assistance of counsel, filed this civil action seeking declaratory and injunctive relief. The complaint is before the court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). Because the plaintiff failed to exhaust his administrative remedies prior to filing this action, the court will dismiss his action without prejudice.

### I. SUMMARY OF CLAIMS

The plaintiff is currently confined in the Christian County Jail but complains about events that occurred while he was incarcerated at the Daviess County Detention Center ("Detention Center"). He states that on October 26, 2004, he was removed from the Daviess County Community Center for an unknown reason. Thereafter he appeared at a disciplinary proceeding before Caption Nancy Ankrom, who is presumably an employee at the Detention Center.

The plaintiff alleges that his Fourteenth Amendment right to due process was violated because he was not provided the requisite notice of the charges, written findings of fact, the opportunity to call witnesses or present evidence in his defense, and an impartial decision-maker.

At the conclusion of the hearing, he alleges he was placed in 24-hour lockdown and denied community level custody. He seeks a transfer to a community center in Louisville, Kentucky.

## II. ANALYSIS

The plaintiff failed to set forth the basis of this court's jurisdiction. To the extent that he seeks to remedy violations of his federally protected constitutional rights, he may do so by way of an action filed under 42 U.S.C. § 1983. And, this court possesses federal question jurisdiction over such cases pursuant to 28 U.S.C. § 1331.

An inmate is required to exhaust his available remedies prior to filing suit in federal court, and he bears the burden of alleging and showing that he has exhausted those remedies. *See* 42 U.S.C. § 1997e(a)[1] and *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). A primary purpose of the exhaustion requirement is to force an inmate to go through the administrative process so as to give the prison officials an opportunity to take corrective action that would keep the inmate from filing suit. *Porter v. Nussle,* 534 U.S. 516, 525 (2002).

To establish exhaustion, a prisoner must allege and show that all available remedies have been exhausted and attach documentation demonstrating the administrative disposition of his claims. *Brown,* 139 F.3d at 1104. If the prisoner does not possess the documentation to demonstrate exhaustion, he must describe with specificity the administrative proceeding and its outcome. *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert denied*, 531 U.S. 1040 (2000). Should the authorities to whom the inmate has presented his grievance ignore his written

---

[1]Section 1997e(a) provides:

No action shall be brought with respect to prison conditions under section 1983 of this title [*i.e.*, 42], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

2

plaint, he must proceed to the next level in the grievance process. *Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir. 1999). In the end, a district court must dismiss a complaint without prejudice where a prisoner fails to exhaust those remedies. *Brown,* 139 F.3d at 1102.

Finally, a prisoner may not simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or it is futile for him to do so because his grievance is now time-barred under the regulation. *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied,* 522 U.S. 906 (1997); *see also Giano v. Goord*, 380 F.3d 670, 677 (2d Cir. 2004) (holding that an inmate "may not circumvent the exhaustion requirement simply by waiting to bring a Section 1983 action until [his] administrative complaints are time-barred. Such a rule would not comport with the purposes of the PLRA ..."). And, the inmate is required to file a grievance against each person he ultimately seeks to sue. *Burton v. Jones,* 321 F.3d 569, 574 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001).[2]

The Davies County Detention Center has a multi-step grievance mechanism available to all inmates. The inmate must file his grievance on a Grievance Form issued by the jail. In the Grievance Form itself, the inmate must fully set forth the time, date, and name(s) of the prisoner(s) and/or staff member(s) involved in the incident about which he complains. He also

---

[2]The Sixth Circuit observed:

> The requirement that a prisoner file a grievance against the person he ultimately seeks to sue does not impose a heightened pleading requirement upon would-be §1983 plaintiffs. It only assures, as envisioned under the PLRA, that the prison administrative system has a chance to deal with claims against prison personnel before those complaints reach federal court.

*Curry,* 249 F.3d at 505.

3

must provide the names of witnesses. Once he completes the form, he shall seal it in an envelop and deliver the envelop to a deputy jailer, who must transmit the grievance to the jailer or his designee. Once that person has received the grievance, he must review it to determine if the action alleged therein constitutes a "prohibited act by a detention officer or staff member; a violation of the prisoner's civil rights; a criminal act; or an abridgement of inmate privileges as cited in the posted rules." In the event that the actions of a staff member constitutes prohibited act by a detention officer or staff member, a violation of the prisoner's civil rights, or a criminal act, the jailer or designee must order a prompt investigation. If the grievance constitutes an abridgment of the prisoner's privileges, the jailer or designee may appoint an impartial member of his staff to investigate the matter and make a report and recommendation. Within seven days following the investigation, the jailer or designee must provide the inmate with a response detailing his findings and actions to be taken. The inmate may file an appeal which will be reviewed by a higher ranking officer.

      Attached to the plaintiff's complaint are copies of grievances that he filed while incarcerated at the Detention Center. None of those grievances, however, identifies this particular defendant as the subject of the issues he advances here. Rather, he identifies problems he has had with other Detention Center employees or with receiving orders placed with the institution's canteen. And, while he does complain about the charges that resulted in his transfer into the institution, he failed to identify the claims set forth in this complaint vis-a-vis this particular defendant. Even were the court to construe this grievance broadly enough to encompass the claims set forth in the complaint, he failed to appeal the claim through all proper channels.

4

Because the plaintiff failed to exhaust his administrative remedies in a proper manner, this court will dismiss his complaint.  Nothing in this decision, however, precludes this plaintiff from filing another civil action once he has satisfied § 1997e's exhaustion requirement.

The court will enter an order that is consistent with this memorandum opinion.

Date:

cc:     Plaintiff *pro se*
        4414.002